**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Keith L. McFARLANE,
Defendant–Appellant.**

**No. 90–3257.**

United States Court of Appeals,
Tenth Circuit.

May 21, 1991.

James F. Foster, Kansas City, Kan., for defendant-appellant.

Lee Thompson, U.S. Atty. for D.Kan., and Robert S. Streepy, Asst. U.S. Atty., for plaintiff-appellee.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Defendant-appellant Keith McFarlane appeals a sentence of 121 months' imprisonment and four years' supervised release imposed after he pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On appeal, McFarlane argues the district court erred by enhancing his base level offense under the Sentencing Guidelines for his codefendant's possession of a firearm during commission of the offense. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

After receiving a tip about a crack cocaine dealer named "Tumbleweed" (Lawrence Franklin), the Kansas Bureau of Alcohol, Tobacco & Firearms (ATF) arranged surveillance of a purchase from Franklin at a car wash in Kansas City, Kansas. A car with three men inside arrived at the car wash, drove around the area slowly, and left at a high rate of speed. When a police officer stopped the vehicle, a person jumped out of the back seat and ran. Just prior to being caught, he threw an item into a tree. The person who attempted to escape arrest was identified as Keith McFarlane. The item recovered from the tree was a small bag containing 223 grams of crack cocaine.

The other two individuals were arrested and identified as Franklin and Anthony Green. Green told special agents he was accompanying Franklin on a drug deal and he knew there was a handgun on the floor of the automobile between the front seats. He further stated McFarlane sat in the back seat and held the cocaine.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

McFarlane contends his sentence should not be enhanced by his codefendants' possession of a firearm during the offense. Section 2D1.1(b)(1) of the Sentencing Guidelines provides: "If a dangerous weapon (including a firearm) was possessed during commission of the offense, increase [the base level offense] by 2 levels." U.S. S.G. § 2D1.1(b)(1). Section 1B1.3(a)(1) directs courts applying a specific offense characteristic such as 2D1.1(b)(1) to consider "all acts and omissions committed or aided and abetted by the defendant ... that occurred during the commission of the offense." *Id.* § 1B1.3(a)(1). The application note to section 1B1.3 explains the conduct for which the defendant would be accountable, including "conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant" regardless whether a conspiracy is charged. *Id.* comment (n. 1). Together these provisions permit sentencing courts to attribute to a defendant weapons possessed by his codefendants if the possession of weapons was known to the defendant or reasonably foreseeable by him. *See United States v. Aguilera–Zapata,* 901 F.2d 1209, 1215 (5th Cir.1990); *cf. United States v. St. Julian,* 922 F.2d 563, 572 (10th Cir.1991) (base level offense increased two points under same theory for offense of entering or managing a drug establishment).

The court in *Aguilera–Zapata* explained that a sentencing court may infer a defendant should have foreseen a codefendant's possession of a dangerous weapon when "the government demonstrates that another participant knowingly possessed the weapon while [they] committed the offense." 901 F.2d at 1215. The district court's finding concerning foreseeability is a factual finding reviewable under a clearly erroneous standard. *Id.* at 1216.

Here, Green stated he had participated in the transaction as a show of force, he knew the gun was available in the front seat of the automobile, and he knew a drug deal was taking place. The district court found "it could be reasonably inferred from all the facts and circumstances in this case that the defendant [McFarlane] was aware of the possession of the firearm by [his] codefendant ..." and it was "foreseeable to this defendant that a firearm was likely present to protect this whole transaction so that it could be accomplished." After reviewing the record, we are convinced the district court's finding is not clearly erroneous. Therefore, we hold the enhancement was proper. AFFIRMED. The mandate shall issue forthwith.