955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Armando PANDO, a/k/a Joe Garcia, Defendant-Appellant.
 No. 91-2174.
 United States Court of Appeals, Tenth Circuit.
 Feb. 13, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Juan Pando appeals his sentence imposed by the district court. On appeal, Pando contends that the district court erred in adjusting his sentence upward pursuant to Sentencing Guidelines §§ 2D1.1(b)(1) & 3C1.1. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Section 2D1.1(b)(1) provides that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." Application note 3 specifies that this "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." On appeal, Pando asserts that he had no knowledge that the weapon was in the car. However, the record demonstrates that his codefendant clearly knew that the gun was available.
 
 
 4
 Under § 1B1.3(a)(1), a court must consider "all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense." Further, the application note specifies that "the conduct for which the defendant 'would be otherwise accountable' also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." Id. comment (n. 1). In United States v. McFarlane, 933 F.2d 898, 899 (10th Cir.1991), we held that the reasonable foreseeability of a weapons possession by a codefendant may be inferred if the codefendant knowingly possessed the weapon. See also United States v. Underwood, 938 F.2d 1086, 1090 (10th Cir.1991). We review the district court's determination of foreseeability under the clearly erroneous standard. United States v. Aguilera-Zapata, 901 F.2d 1209, 1215 (5th Cir.1990).
 
 
 5
 In this case, the record reveals that the weapon was accessible by both the defendant and the codefendant while they were transporting marijuana. The record also shows that the district court gave "no weight" to the defendant's denial of knowledge of the gun. Given this record, we cannot say that the district court's finding was clearly erroneous.
 
 
 6
 Pando also contends that district court erred in adjusting his sentence upward pursuant to § 3C1.1. Section 3C1.1 provides that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." The application notes state that "[t]he following is a non-exhaustive list of examples of the types of conduct to which this enhancement applies: ... (f) providing materially false information to a judge or magistrate." Id. comment (n. 3(f)). The record reveals that Pando gave a false name at the time of arrest, during the interview with the Pretrial Services and Office, and during his initial presentment before a United States Magistrate. Further, he not only concealed his true identity, but also the fact that he had a pending warrant for his arrest. Given this record, the district court's finding was not clearly erroneous.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3