966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwayne E. HEAD, Defendant-Appellant.
 No. 91-4077.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1992.
 
 Before RALPH B. GUY, JR. and BOGGS, Circuit Judges, and RONEY, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Dwayne Head, was charged along with others in four counts of a six-count indictment. Specifically, Head was charged with two counts of distribution of cocaine base, maintaining a place to distribute a controlled substance, and aiding and abetting the possession with intent to distribute cocaine base. On December 4, 1989, Head pleaded guilty pursuant to a written plea agreement to the aiding and abetting charge. A presentence report was prepared to which Head filed several objections. After an evidentiary hearing, the trial judge sentenced the defendant to 235 months of incarceration.
 
 
 2
 Head appealed, and we remanded for resentencing "to afford a full opportunity to defendant to address those parts of the sentencing which established base offense levels and criminal history categories higher than those recommended by the probation officer after the presentence conference in the judge's chambers." United States v. Head, 927 F.2d 1361, 1376 (6th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 144 (1991).[1]
 
 
 3
 On remand, Head filed a motion for recusal of the trial judge and for substitution of counsel. Both motions were denied. The court then held hearings on three separate dates, and ultimately imposed the same sentence of 235 months of incarceration.
 
 
 4
 Head has again appealed and raises four alleged errors: (1) the refusal to grant the motion to substitute counsel; (2) the addition of two increments to the base offense level for obstruction of justice; (3) a three-point increase in the criminal history category, allegedly grounded upon unconstitutional misdemeanor convictions; and (4) a two-level base offense increase for possession of firearms during a drug trafficking offense.
 
 
 5
 Upon a review of the record, we find no error and affirm.
 
 I.
 Denial of the Motion to Substitute Counsel
 
 6
 Although the defendant represents that, over time, he and his appointed counsel had disagreements, the exact nature of these disagreements is not disclosed. It appears that the incident that prompted Head to file a pro se motion for substitution of counsel was counsel's refusal to file a motion to request that the trial judge recuse himself. Head went on to file such a motion himself, which was denied, and no appeal has been taken from the denial. The record reflects, however, that the motion for recusal was without merit and properly denied.
 
 
 7
 Set off against the controversy over the recusal motion is the fact that Head's attorney on remand was his trial counsel. Since trial issues were involved in the evidentiary hearings held on remand, the trial judge correctly observed:
 
 
 8
 To permit the attorney to withdraw and to appoint new counsel would require the newly appointed attorney to spend innumerable hours scouring the transcripts from the trial, the briefs contained in the file, the presentence report, the transcripts from the appeal and various other documents in order to adequately comprehend the past history of this case. Even then, the newly appointed counsel would not have the benefit of Attorney Sherman's knowledge, insight and general "feel" for the case that can only come through consistent, continuous and intimate involvement with all previous proceedings. This would serve as an injustice at the defendant's resentencing hearing.
 
 
 9
 (Dist.Ct.Op. and Order of 8/14/91 at 6).
 
 
 10
 We review the denial of this motion to substitute counsel under an abuse of discretion standard. Bennett v. Scroggy, 793 F.2d 772 (6th Cir.1986). We conclude that the district judge properly resolved this issue. In this regard, we also note that appointed counsel ably represented the defendant at the subsequent evidentiary hearings.
 
 II.
 Obstruction of Justice Increment
 
 11
 The defendant's base offense level was increased by two because the sentencing judge concluded that Head had lied while on the witness stand during the trial. In United States v. Acosta-Cazares, 878 F.2d 945 (6th Cir.), cert. denied, 493 U.S. 899 (1989), we noted that "there is no constitutional right to testify untruthfully at trial.... [A] sentence may be enhanced where a district judge believes the defendant committed perjury." Id. at 953.
 
 
 12
 When Head was first sentenced prior to remand, the district judge stated:
 
 
 13
 [T]he court observed that the defendant was evasive in his manner as well as his answers. His responses at trial were sufficient to constitute perjury in that he failed upon direct questioning to identify two of the co-defendants and to disclose many of the facts he had previously provided in a statement to Detective Brenda K. Trout....
 
 
 14
 These activities were, in the court's opinion, affirmative acts to obstruct and impede the prosecution of the co-defendants and the administration of justice.
 
 
 15
 (Head Sentencing Tr. at 50).
 
 
 16
 We review a judge's findings of fact in sentencing matters pursuant to the standard set forth in 18 U.S.C. § 3742(e):
 
 
 17
 The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.
 
 
 18
 Our independent review of the record causes us to conclude, as did the district judge, that Head was not completely truthful in portions of his trial testimony. Under such circumstances, the Sentencing Guidelines dictate that the provisions of section 3C1.1 should apply.[2]
 
 III.
 
 19
 Inclusion of Misdemeanor Convictions in the Criminal History
 
 
 20
 The defendant's argument, simply stated, is that the district judge should not have added three points to the criminal history category stemming from three prior misdemeanor convictions because the convictions allegedly were obtained without benefit of counsel. Although the district judge had before him some evidence to the contrary, we need not resolve this issue on the basis of credibility.
 
 
 21
 Head was resentenced on October 8, 1991. In amendments effective November 1, 1990, the United States Sentencing Commission clarified the issue as to the use of uncounseled misdemeanor convictions:
 
 
 22
 This amendment clarifies the circumstances under which prior sentences are excluded from the criminal history score. In particular, the amendment clarifies the Commission's intent regarding the counting of uncounseled misdemeanor convictions for which counsel constitutionally is not required because the defendant was not imprisoned. Lack of clarity regarding whether these prior sentences are to be counted may result not only in considerable disparity in guideline application, but also in the criminal history score not adequately reflecting the defendant's failure to learn from the application of previous sanctions and his potential for recidivism. This amendment expressly states the Commission's position that such convictions are to be counted for the purposes of criminal history under Chapter Four, Part A.
 
 
 23
 U.S.S.G.App.C at 171.
 
 
 24
 We conclude that this issue is resolved by the 1990 amendments to the Guidelines, and further conclude that it does not offend the Constitution to assess criminal history points for uncounseled prior misdemeanor convictions.[3]
 
 IV.
 
 25
 Assessment of Two Additional Points for Possession of a Firearm
 
 
 26
 Although Head pleaded guilty only to the charge of aiding and abetting the possession with intent to distribute crack cocaine, his relevant conduct includes renting his apartment for use as a crack house.[4] This fact, coupled with his prior involvement in drug offenses, led the district judge to conclude that it was reasonably foreseeable to the defendant that persons operating or frequenting crack houses may carry firearms. In this context, it is not required that the government prove the defendant himself actually possessed the firearms. United States v. Wagner, 884 F.2d 1090 (8th Cir.1989), cert. denied, 494 U.S. 1088 (1990). Several circuits have addressed this issue and uniformly concluded that the enhancement is appropriate if possession of the firearm by others was reasonably foreseeable. See, e.g., United States v. Soto, --- F.2d ----, 51 U.S.L.W. 1043 (2d Cir. Mar. 24, 1992); United States v. McFarlane, 933 F.2d 898, 899 (10th Cir.1991); United States v. Bianco, 922 F.2d 910, 912 (10th Cir.1991).
 
 
 27
 Defendant argues that he did not know that firearms were to be on the premises and protested when he discovered they were. Assuming these statements to be true, we nonetheless believe the enhancement was justified. By renting his apartment for a crack house, Head put a series of events in motion which predictably involved the possession and potential use of firearms. His later protestations are insufficient to excuse him from the consequences of events for which he must bear at least partial responsibility.
 
 
 28
 AFFIRMED.
 
 
 
 *
 Honorable Paul H. Roney, United States Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 [1]
 Since the background facts of this appeal are set forth in our reported opinion, they are not repeated here
 
 
 [2]
 Section 3C1.1 reads:
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.
 
 
 [3]
 Only one of the misdemeanors needs to be counted to reach offense level V, the level found to apply by the district judge
 
 
 [4]
 When Head's leased apartment was searched pursuant to a warrant, two pistols and two sawed-off shotguns were found