986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Edmond GREEN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frankie GREEN, Defendant-Appellant.
 Nos. 92-7095, 92-7096.
 United States Court of Appeals, Tenth Circuit.
 Feb. 1, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate records, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Defendants Robert Edmond Green (Green) and Frankie Green (Green-Statham) appeal from imposition of sentence following their guilty pleas. Both defendants challenge the district court's increase of their offense levels in reliance upon information pertaining to portions of the indictment that were dismissed. Green-Statham also alleges that the district court failed to afford her a two-point credit in her base offense calculation for acceptance of responsibility.
 
 
 3
 Defendants, father and daughter, were indicted along with several others by a grand jury for various drug trafficking and firearm offenses. Both entered into written plea agreements pursuant to Fed.R.Crim.P. 11. Green pleaded guilty to one count of drug conspiracy, in violation of 21 U.S.C. § 846, and one count of use of a firearm, in violation of 18 U.S.C. §§ 2 and 924(c)(1). Green-Statham pleaded guilty to a single count of drug conspiracy, in violation of 21 U.S.C. § 846. The plea agreements included the dismissal of the remaining counts of the indictment, but contained no stipulations as to the defendants' base offense levels.
 
 
 4
 * At sentencing, the district court increased Green's offense level by three, pursuant to U.S.S.G. § 3B1.1(c), finding that Green had managed or supervised extensive criminal activity. Green argues that the court improperly considered dismissed counts in making this determination. We disagree. The district court's remarks at sentencing and in its findings do not evince a reliance upon Green's supervisory role in dismissed counts rather than the conspiracy count.[1] But even if it did so rely, in sentencing the court may consider reliable information other than that on the counts to which they were convicted or pleaded guilty, including that related to dismissed counts of the indictment. See United States v. Saucedo, 950 F.2d 1508, 1512-13 (10th Cir.1991).
 
 
 5
 Green appears to have been the person at the hub of a drug conspiracy, directing the activities of Green-Statham, who was a major distributor. Green was in charge of the illicit drugs. See United States v. Rutter, 897 F.2d 1558, 1563-64 (10th Cir.), cert. denied 111 S.Ct. 88 (1990). The record reflects that Green utilized multiple supply sources for his drug trafficking organization, used several different laboratory facilities, supplied different customers over an extended period of time, and directed an extensive criminal enterprise. Presentence Report at 3-9. Any exercise of direction or control over a subordinate in an illegal enterprise may serve as the basis to find that a defendant is a manager or supervisor. United States v. Morgan, 936 F.2d 1561, 1574 (10th Cir.1991), cert. denied 112 S.Ct. 1190 (1992). We uphold the district court's factual determinations relating to sentencing unless they are clearly erroneous. United States v. Urbanek, 930 F.2d 1512, 1514 (10th Cir.1991). The record contains sufficient evidence to support an increase in Green's offense level as a manager or supervisor of the drug trafficking organization.
 
 II
 
 6
 Because Green-Statham admitted to drug conspiracy as part of the plea agreement, and Green, as her co-conspirator, pleaded guilty to use of a firearm, the district court increased Green-Statham's offense level by two pursuant to U.S.S.G. §§ 2D1.1(b)(1) and 1B1.3(a)(1). Although Green-Statham denied personal use of a firearm, the district court concluded both that she possessed firearms in furtherance of the conspiracy and that she should have foreseen that Green would also have possessed a weapon in furtherance of the conspiracy.
 
 
 7
 The record reveals that the district court relied upon the presentence report and Green-Statham's own admissions at the sentencing hearing to conclude that she was a major participant in an ongoing drug trafficking operation. As such, and considering her relationship with Green, the district court determined that Green-Statham could have reasonably foreseen that her codefendant father possessed a dangerous weapon in furtherance of the criminal operation. The presentence report indicated Green-Statham worked for her father to sell methamphetamine, functioning in this role for a number of customers for a significant period of time. Green-Statham acknowledged at the change of plea hearing that she was aware that guns "always--seemed to be around" her. Trans. of Apr. 30, 1992, hearing, App. (No. 92-7096) at 45-46. The Sentencing Guidelines provide for enhancing a defendant's offense level under circumstances such as these. U.S.S.G. §§ 1B1.3(a)(1) and 2D1.1(b)(1); United States v. McFarlane, 933 F.2d 898 (10th Cir.1991). The district court's findings that served as the basis for enhancing the offense levels of Green-Statham were not clearly erroneous.
 
 III
 
 8
 Green-Statham also argues that the district court erred by not giving her a two-level reduction for acceptance of responsibility. We agree with the government that the court did give her this credit and properly calculated her base offense level. The original presentence report calculated a base offense level of 38, enhanced by the possession of firearm provision by two levels and reduced two levels for acceptance of responsibility. At the time of sentencing the government and the defendant had evidently reached agreement to exclude 25,326 grams of methamphetamine from the offense level computation, apparently because of concern as to the accuracy of Paragraph 29 of the original presentence report. The parties stipulated that the government could establish that at least 8.5 kilograms of methamphetamine were involved in the offense to which Green-Statham pleaded guilty. This lowered the base offense level to 34, after the same adjustments made in the original offense calculation.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 At sentencing the district court made the following finding with respect to Green's supervisory role:
 United States v. Morgan, 936 F.2d 1561 (10th Cir.1991), defines a supervisory role as one in which the defendant exercises any degree of control over a subordinate in a criminal scheme. The Court finds that there is sufficient evidence in the record of this hearing to support this definition as it applies to the defendant.
 The Court next examines the offense conduct to determine if it is extensive in nature. A drug conspiracy which relies on the knowing services of more than one drug supplier to supply many different customers over an extended period of time, is considered by this Court to be an extensive criminal enterprise. The Court finds that there is sufficient evidence in the record of this hearing, as well as in the presentence report, to apply this characteristic to the defendant's role in the offense. Therefore, the Court finds by a preponderance of the evidence that the defendant managed or supervised criminal activity that was extensive in nature.
 Findings of Fact, App. (No. 92-7095) at 28. See also Sentencing hearing transcript, id. at 32.