61 F.3d 917
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Wayne WOODS, Defendant-Appellant.
 No. 95-6121.
 United States Court of Appeals, Tenth Circuit.
 July 20, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant Michael Wayne Woods appeals his sentence for distribution of cocaine base, 21 U.S.C. 841(a)(1). We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 2
 In December 1991, the government charged Defendant with various narcotics violations. In January 1992, the government charged Defendant and several co-conspirators for their involvement in an Oklahoma City drug conspiracy. Defendant fled and remained a fugitive from December 1991 until his arrest in November 1994.
 
 
 3
 In January 1995, Defendant pled guilty to distribution of cocaine base, 21 U.S.C. 841(a)(1). Prior to sentencing, the United States Probation Office prepared and filed a presentence report ("PSR"). The PSR recommended a base sentence level of thirty-two, a two-level enhancement for possession of a firearm during the crime, a three-level enhancement for career offender status, and a three-level reduction for acceptance of responsibility, resulting in a final offense level of thirty-four. Defendant objected to the recommended sentence enhancement in the PSR.
 
 
 4
 At the sentencing hearing, the government introduced evidence to prove Defendant possessed a firearm in connection with the instant offense. Defendant argued the government's evidence was insufficient to show he possessed a firearm when he committed the instant offense. Defendant did not, however, produce any evidence in support of his argument.
 
 
 5
 The government also argued that under U.S.S.G. 4B1.1 Defendant qualified for sentence enhancement as a career offender. Defendant responded that because his 1984 burglary conviction involved an unoccupied building, it did not constitute a crime of violence for purposes of sentencing as a career offender. Defendant further contended that under United States v. Bowser, 941 F.2d 1019 (10th Cir.1991), the court should not sentence him as a career offender.
 
 
 6
 After considering the PSR and the evidence introduced at the sentencing hearing, the district court enhanced Defendant's sentence under U.S.S.G. 2D1.1(b)(1) for possessing a firearm at the time he committed the instant offense. Additionally, the district court ruled that Defendant's previous arrests and convictions, including his 1984 burglary conviction, made him eligible for sentencing as a career offender under U.S.S.G. 4B1.1. Thus, the district court sentenced Defendant to 262 months imprisonment for distribution of cocaine base, 21 U.S.C. 841(a)(1). This appeal followed.
 
 
 7
 On appeal, Defendant contends the district court erred by: (1) imposing a two level sentence enhancement for possession of a firearm under U.S.S.G. 2D1.1; and (2) classifying him as a career offender under U.S.S.G. 4B1.1.[3] We review the district court's interpretation and application of the sentencing guidelines de novo. United States v. Cruz, No. 94-6271, --- F.3d ----, 1995 WL 92624, at * 2 (10th Cir. June 20, 1995).
 
 
 8
 First, Defendant contends that the district court erred by enhancing his sentence two levels pursuant to U.S.S.G. 2D1.1(b)(1) for possession of a dangerous weapon in connection with the distribution of cocaine base. Specifically, Defendant argues that the government failed to prove by a preponderance of the evidence that he possessed a firearm in connection with the instant offense. "We review the district court's factual determination of whether an enhancement for possession of a dangerous weapon is warranted for clear error." United States v. Robertson, 45 F.3d 1423, 1449 (10th Cir.), cert. denied sub nom. 115 S.Ct. 2258, 115 S.Ct. 2259 (1995).
 
 
 9
 "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons." U.S.S.G. 2D1.1 Application Note 3. For the enhancement to apply, the government must prove the defendant possessed a firearm in connection with the instant offense by a preponderance of the evidence. United States v. Roberts, 980 F.2d 645, 647 (10th Cir.1992). A defendant's possession of a firearm for purposes of enhancement may be based on a codefendant's possession of a firearm if a defendant either knows or reasonably foresees that his codefendant possessed a firearm. United States v. McFarlane, 933 F.2d 898, 899 (10th Cir.1991). Once the government has met its burden of proof, the defendant must show that the connection between the firearm and the offense is clearly improbable. Id.
 
 
 10
 At the sentencing hearing, the government introduced: (1) testimony by an undercover police officer who stated he witnessed several of Defendant's co-conspirators carrying weapons during the transactions; (2) a photograph of Defendant holding a nine millimeter firearm; and (3) testimony from a codefendant who maintained that Defendant carried a firearm. Applying McFarlane, it can be reasonably inferred that Defendant, a charged member of the conspiracy, was aware his co-conspirators possessed firearms during the commission of the instant offense. Id. at 899. In addition, the photograph and codefendant's testimony further support the conclusion that Defendant possessed a firearm in connection with the instant offense. See United States v. Roederer, 11 F.3d 973, 983 (10th Cir.1993) (holding that the district court properly relied on testimony of an FBI agent and a coconspirator in finding defendant had possessed a firearm in connection with a drug offense); United States v. Devine, 934 F.2d 1325, 1339 (5th Cir.) (considering photograph of defendant holding a firearm in finding government proved by a preponderance possession of a weapon in connection with a drug offense), cert. denied sub nom. 502 U.S. 929 (1991), 502 U.S. 1047, 502 U.S. 1065, 502 U.S. 1104 (1992). Based upon the testimony of the undercover police officer and the codefendant, and the photograph, we find that the government established by a preponderance of the evidence that Defendant possessed a firearm in connection with distribution of cocaine base.
 
 
 11
 Once the government met its burden of proof, Defendant was required to show that it was clearly improbable that he used a firearm in connection with the offense. Defendant introduced no evidence in support of his argument. Therefore, we conclude the district court did not err in enhancing Defendant's sentence two levels for possession of a firearm pursuant to U.S.S.G. 2D1.1(b)(1).
 
 
 12
 Next, Defendant argues that the trial court erred in sentencing him as a career offender because: (1) his burglary conviction did not constitute a crime of violence; and (2) he should not be sentenced as a career offender under the court's opinion in Bowser. First, Defendant argues that his 1984 burglary conviction did not qualify as a crime of violence for purposes of U.S.S.G. 4B1.1 because the premises he burglarized were unoccupied at the time of the offense.
 
 
 13
 Burglary of a dwelling is considered a crime of violence under 4B1.2 for purposes of classifying an individual as a career offender under U.S.S.G. 4B1.1, regardless of whether the dwelling is occupied at the time of the burglary. United States v. McClenton, 53 F.3d 584, 588 (3d Cir.1995) (determining that burglary of a dwelling is a crime of violence whether or not there is anyone present at the time of the burglary); accord United States v. Ghent, 29 F.3d 416, 418 (8th Cir.1994); United States v. Raynor, 939 F.2d 191, 195-97 (4th Cir.1991); United States v. Gonzalez-Lopez, 911 F.2d 542, 550 (11th Cir.1990). The record reflects Defendant's 1984 burglary conviction involved him "carrying furniture out of a residence." PSR at 8. Defendant does not contest the fact that he burglarized a residence. Consequently, we find Defendant's 1984 burglary conviction is a crime of violence as defined by 4B1.2(1)(ii). McClenton, 53 F.3d at 588. As a result, we conclude the district court did not err in sentencing him as a career offender under U.S.S.G. 4B1.1.
 
 
 14
 Defendant next contends that he should not be sentenced as a career offender based on the holding in Bowser. In Bowser the defendant met all of the criteria necessary to be sentenced as a career offender. However, the district court chose to depart downward from the sentencing guidelines and not sentence the defendant as a career offender because: (1) he was only 20 years old at the time of his two prior convictions; (2) the prior convictions occurred within two months of each other; and (3) he received concurrent sentences for the prior convictions. Bowser, 941 F.2d at 1023. Defendant points out that, like Bowser, he was: (1) 18 years of age at the time of his prior convictions; (2) the prior convictions occurred within eight months of each other; and (3) he received concurrent sentences for the convictions. Thus, he maintains that the court should not have sentenced him as a career offender in the instant case. We disagree.
 
 
 15
 In Bowser, we affirmed the district court's decision to depart downward from the applicable sentencing guidelines based on the particular facts of that case. Id. at 1023. We did not hold that a district court could not sentence an otherwise eligible defendant as a career offender when his prior conviction history is similar to the defendant's in Bowser. Because Defendant qualifies to be sentenced as a career offender, See U.S.S.G. 4B1.1, the district court did not err in sentencing him as one.[4]
 
 
 16
 For the above reasons, Defendant's conviction is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 In addition, Defendant lists the following five appellate issues: (1) "[w]hether the sentencing guidelines were properly applied"; (2) "[w]hether the objections to the Presentence Investigation Report should have been sustained"; (3) "[w]hether the evidence was sufficient to justify a determination of a total offense level of 34"; (4) "[w]hether Defendant's past record was improperly considered"; and (5) "[w]hether Defendant should have been determined to be a career offender." Defendant, however, has only provided argument and authority in support of the two issues addressed in this opinion. Thus, we address only these two issues. See American Airlines v. Christensen, 967 F.2d 410, 415 n. 8 (10th Cir.1992) (citing Fed. R.App. P. 28(a)(4)(now Fed. R.App. P. 28(a)(5))) (merely stating in one's brief that one is appealing an adverse ruling without advancing reasoned argument does not sufficiently raise the issue on appeal)
 
 
 [4]
 It is unclear from the record whether Defendant also urged the court to grant him a downward departure under Bowser. To the extent that Defendant asserts the court erred in not granting a discretionary downward departure from the sentencing guidelines, we have no jurisdiction to review the district court's decision. United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir.1994)