**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 25 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LEONEL GARCIA,

      Defendant - Appellant.

No. 97-6419
(D.C. No. CR-97-107-M)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT** [*]

---

Before **ANDERSON** , **McKAY** and **LUCERO** , Circuit Judges.

---

Leonel Garcia appeals his sentence for interstate travel and transportation in aid of racketeering, 18 U.S.C. § 1952(a)(3). He claims that the district court erred in imposing a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during an offense involving drug trafficking. We exercise jurisdiction under 28 U.S.C. § 1291 and Fed. R. App. P. 4(b), and affirm.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Following an undercover investigation, DEA agents executed a search warrant for a house rented by Garcia's codefendant Antonio Lozoya-Veliz. Lozoya-Veliz and a second codefendant, Juan Carlos Olvera-Garcia, were arrested as they left the house. Inside, the agents arrested Garcia, and seized a number of items, including 1,329 pounds of marijuana and a loaded Ruger .45 caliber semiautomatic pistol.

Garcia was charged with possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Pursuant to a plea agreement, he pleaded guilty to one count of interstate travel and transportation in aid of racketeering, 18 U.S.C. § 1952(a)(3).

Garcia's presentence report recommended a two-level enhancement for possession of a firearm during the commission of the offense, pursuant to U.S.S.G. § 2D1.1(b)(1). The presentence report stated that the weapon had been found in the house where the marijuana was seized and where defendant was arrested. It also noted that upon his arrest, codefendant Lozoya-Veliz had informed agents that the weapon belonged to Garcia.

Garcia timely objected to the firearm enhancement recommendation in the presentence report. At the sentencing hearing, the district court found that the enhancement was proper. "We review the district court's interpretation and application of the sentencing guidelines de novo. We review the court's

underlying findings of fact for clear error." <u>United States v. Pappert</u>, 112 F.3d 1073, 1078 (10th Cir. 1997)(citations omitted).

## I

Garcia submits that enhancement was inapplicable because he was not convicted of a drug trafficking offense. We disagree. The district court properly calculated defendant's sentence for the violation of 18 U.S.C. § 1952(a)(3) pursuant to U.S.S.G. § 2E1.2. This section specifies that the base offense level for this crime shall be the greater of 6 or "the offense level applicable to the underlying crime of violence or other unlawful activity in respect to which the travel or transportation was undertaken." U.S.S.G. § 2E1.2(a). The underlying crime here was possession of marijuana with intent to distribute, which is subject to the guidelines set forth in U.S.S.G. § 2D1.1. Because "[a]n instruction to use the offense level from another offense guideline refers to the offense level from the entire offense guideline ( <u>i.e.</u>, the base offense level, specific offense characteristics, cross references, and special instructions)," U.S.S.G. §1B1.5(b)(1), the district court properly considered the § 2D1.1(b)(1) firearm enhancement in determining defendant's sentence.

## II

Defendant also claims that the government failed to prove by a

preponderance his possession of the firearm during the instant offense. We reject that claim as well. We find no clear error in the district court's conclusion that defendant possessed the firearm within the meaning of U.S.S.G. § 2D1.1(b)(1).

To establish possession of a firearm for the purpose of enhancing a drug sentence, "the government bears the burden of proving by a preponderance of the evidence that the gun was proximate to the drug offense." United States v. Lang, 81 F.3d 955, 964 (10th Cir. 1996). This proximity is established if the government presents evidence "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." United States v. Roederer, 11 F.3d 973, 982 (10th Cir. 1993) (quoting United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993)). The district court found that "[t]he loaded weapon . . . was inside of the residence, in the bathroom, which was in close proximity to the bedroom where the quantity of marijuana was stored," and "was easily accessible." Appellant's App. at 20. We find no clear error in the district court's finding of proximity.

"[O]nce the Government proves that a weapon was found in near proximity to a distributable quantity of illegal drugs, the burden shifts to the defendant to prove that it was highly unlikely that the weapon had anything to do with the drug offense." United States v. Flores, — F.3d —, No. 96-1152, 1998 WL 439333, at *7 (10th Cir. Aug. 4, 1998); see U.S.S.G. § 2D1.1, comment. (n. 3)

The district court properly found that defendant did not meet his burden. Defendant offered no evidence that the gun's presence was for purposes other than facilitating illegal narcotic trafficking. Cf. Flores, 1998 WL 43933 at *7-8. At the sentencing hearing, defendant offered to submit testimony that he did not even own the firearm in question. "Personal possession of a firearm, however, is not necessary." United States v. Smith, 131 F.3d at 1392, 1400 (10th Cir. 1997). "The sentencing court may 'attribute to a defendant weapons possessed by his codefendants if the possession of weapons was known to the defendant or reasonably foreseeable by him.'" Id. (quoting United States v. McFarlane, 933 F.2d 898, 899 (10th Cir. 1991)). Even had Garcia offered credible evidence that the weapon was not his, the district court's found that the "firearm, if desired, was easily accessible." Appellant's App. at 20. This finding suggests that the weapon's availability was known or reasonably foreseeable to Garcia, and thus attributable to him. The enhancement was therefore appropriate.

**AFFIRMED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge