F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHANE ALLEN NEWMAN,

Defendant - Appellant.

No. 02-3226
(D. Ct. No. 00-CR-40024-11-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT[*]**

---

Before **TACHA**, Chief Circuit Judge, **MCKAY** and **MCCONNELL**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Shane Allen Newman, on direct appeal, moves to remove the U.S.S.G. § 2D1.1(b)(1) two-level sentence enhancement and remand

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for resentencing. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Because we find that Mr. Newman waived this argument by failing to object to the sentence enhancement before the district court, we DENY this motion.

Mr. Newman pleaded guilty to one count of violating 21 U.S.C. § 846, conspiring to distribute more than a kilogram of methamphetamine. Specifically, Mr. Newman admitted that he "conspired with Shane Wright to have him deliver methamphetamine to me to sell." On January 26, 2000, a Missouri Highway Patrol trooper stopped Mr. Wright, a defendant in a related proceeding, for a traffic violation and discovered a bag containing methamphetamine and a semi-automatic handgun. Three days after Mr. Wright's arrest, Mr. Newman telephoned him and asked why he was "cruising with the firepower man[,]" to which Mr. Wright responded, "Well, you know me, surprises all the time."

Based on the trooper's discovery and this conversation, the probation officer in Mr. Newman's presentence report recommended a two-level sentence enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). At his May 22, 2002, sentencing hearing, the district court accepted this sentence enhancement and sentenced him to a 105-month prison term. Mr. Newman did not object in the district court to the facts underlying the sentence enhancement or to the sentence enhancement itself. Mr. Newman filed his notice

of appeal on June 18, 2002, four days after the deadline proscribed by Fed. R. App. P. Rule 4(b)(1)(A)(i) but within the thirty-day extension period of Fed. R. App. P. Rule 4(b)(4), which the district court granted.

On appeal, Mr. Newman challenges the two-level enhancement to his sentence based on Mr. Wright's firearm possession. Though neither party to this appeal contends that Mr. Newman possessed or used a firearm personally in furtherance of his crime, the Sentencing Guidelines "permit sentencing courts to attribute to a defendant weapons possessed by his codefendants if the possession of weapons was known to the defendant or reasonably foreseeable by him." *United States v. McFarlane*, 933 F.2d 898, 899 (10th Cir. 1991). Mr. Newman admits both that Mr. Wright had a handgun in Mr. Wright's car during his arrest and that he had a phone conversation with Mr. Wright concerning the firearm. As conceded by Mr. Newman, "[t]he district court's finding concerning foreseeability is a factual finding reviewable under a clearly erroneous standard." Thus, we would normally affirm the district court's § 2D1.1(b)(1) sentence enhancement so long as this factual finding was not clearly in error.

In this instance, however, we do not reach the clearly erroneous test, because Mr. Newman failed to object to the presence of the § 2D1.1(b)(1) sentence enhancement recommendation in the presentence report or to its use during sentencing. "[F]ailure to object [prior to appeal] generally precludes

review except for plain error." *United States v. Svacina*, 137 F.3d 1179, 1187 (10th Cir. 1998). Furthermore, when a factual dispute concerning the applicability of a particular guideline is not brought to the attention of the district court, we consider the issue waived and will not find plain error. *United States v. Overholt*, 307 F.3d 1231, 1253 (10th Cir. 2002).

Mr. Newman asserts that his failure to object at sentencing does not result in waiver because "the underlying facts are not in dispute, and the question is really whether those facts come within the ambit of the guideline . . . [and thus] is one of law . . . ." This assertion misconstrues the distinction between factual and legal disputes.

As stated above, the law is clear regarding application of a § 2D1.1(b)(1) sentence enhancement when a codefendant possesses a firearm in conjunction with the charged crime. Mr. Newman does not contest this law. Instead, he objects to the factual finding of the district court that possession of the firearm by Mr. Wright was known or reasonably foreseeable by Mr. Newman. Mr. Newman's appeal, therefore, represents exclusively a factual dispute regarding the foreseeability, or his knowledge, of Mr. Wright's firearm possession. *See, e.g., United States v. Saucedo*, 950 F.2d 1508, 1518 (10th Cir. 1991) ("Defendant's knowledge or lack thereof [of a codefendant's possession of a firearm] is a factual issue"), *overruled on other grounds by Stinson v. United*

-4-

*States* , 508 U.S. 36 (1993). "This court has held repeatedly that factual disputes not brought to the attention of the [district] court do not rise to the level of plain error." *Svacina* , 137 F.3d at 1187.

For these reasons, we DENY Mr. Newman's appeal, finding that his failure to object to his sentence enhancement under U.S.S.G. § 2D1.1(b)(1) at sentencing precludes review by this court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge