**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDGUAR LIZARDO-FIGUEROA,

    Defendant - Appellant.

No. 07-3304

(D. Kansas)

(D.C. No. 06-CR-20021-KHV)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Defendant and appellant Edguar Lizardo-Figueroa pled guilty to one count

of conspiracy to possess with intent to distribute fifty grams or more of

methamphetamine, 500 grams or more of cocaine, and a detectable amount of

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

marijuana. He also pled guilty to four counts of possession with intent to distribute or distribution of various amounts of methamphetamine, cocaine and marijuana. The district court sentenced Lizardo-Figueroa to 235 months' imprisonment, and he appeals.

Lizardo-Figueroa's appointed counsel, James L. Spies, has filed an <u>Anders</u> brief and moved to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967). Lizardo-Figueroa has submitted his own *pro se* pleading, and the government has filed a response brief. For the reasons set forth below, we agree with Mr. Spies that the record in this case provides no non-frivolous basis for an appeal, and we therefore grant his motion and dismiss this appeal.

**BACKGROUND**

On May 26, 2006, a second superceding indictment was filed by the government against Lizardo-Figueroa and twelve co-defendants. Lizardo-Figueroa was named in counts one, eight, thirteen, fourteen and fifteen of the indictment. Count one charged him with conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, 500 grams or more of cocaine, and a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(ii), (b)(1)(D) and 846, and 18 U.S.C. § 2. Counts eight and thirteen charged Lizardo-Figueroa with possession with intent to distribute and distribution of fifty grams or more of methamphetamine, in

violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2. Count fourteen charged him with possession with intent to distribute 50 to 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii) and 18 U.S.C. § 2. Count fifteen charged him with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2. Lizardo-Figueroa pled guilty to all counts.

In preparation for sentencing, a presentence report ("PSR") was prepared by the United States Probation Office. In calculating Lizardo-Figueroa's base offense level, the PSR applied a two-level enhancement pursuant to United States Guideline Commission, Sentencing Manual ("USSG"), §2D1.1(b)(1) on the ground that a firearm was possessed in connection with the offense and that it was not clearly improbable that the firearm was connected to the crime. The basis for the enhancement is that law enforcement authorities found two firearms while searching a residence connected to Lizardo-Figueroa and in which methamphetamine, cocaine and marijuana were found.

The PSR also included information about Lizardo-Figueroa's criminal history and specific offender characteristics. Lizardo-Figueroa had no criminal history points. He had also experienced a difficult childhood in Honduras, and had been beaten by his stepfather and lived alone in the streets for one year when he was twelve years old. The PSR noted that Lizardo-Figueroa had entered the

-3-

United States illegally in 2001 and worked in this country in order to earn money to send home to his son in Honduras.

The PSR calculated Lizardo-Figueroa's total offense level as 38, which included the enhancement for possession of the dangerous weapons. With a criminal history category I, the total offense level of 38 yielded an advisory Guidelines range of 235 to 293 months.

Lizardo-Figueroa filed objections to the PSR. In particular, he challenged the two-level enhancement for possession of a firearm in connection with the crime. He also filed a motion for a variance from the advisory Guidelines sentence, arguing that a sentence of 120 months would be reasonable and would satisfy the purposes of 18 U.S.C. § 3553(a). The district court rejected his argument regarding the enhancement, declined to grant him a variance, and sentenced him to 235 months' imprisonment. This appeal followed.

**DISCUSSION**

Under Anders, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744). This process requires counsel to:

submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744).

We agree with counsel that there is no non-frivolous issue related to the district court's imposition of the sentence in this case. Lizardo-Figueroa's counsel states that Lizardo-Figueroa has directed him to raise two issues on appeal: whether the district court erred in enhancing his sentence for possession of a dangerous weapon in connection with the offense and whether the district court erred in denying his motion for a sentencing variance. In his *pro se* response to the Anders brief, Lizardo-Figueroa argues that his counsel provided ineffective assistance by lying to him to get him to plead guilty, by not pursuing the possibility of a plea agreement, by not seeking to suppress the results of a search, by inaccurately predicting whether he would be held accountable for a weapons enhancement, and by not adequately communicating with him. He also argues that the district court erred in seeking to avoid unwarranted sentencing disparities between Lizardo-Figueroa and his co-defendants. We explain why each of these arguments is frivolous.

**I. Sentence Enhancement:**

USSG §2D1.1(b)(1) provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed during commission of the offense." The commentary to that section states, "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG §2D1.1(b)(1), comment. (n.3). The government bears the initial burden to prove possession of the dangerous weapon by a preponderance of the evidence. Such possession can be "satisfied by showing mere proximity to the offense." United States v. Smith, 131 F.3d 1392, 1400 (10th Cir. 1997). Thus, the government need only show "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1185 (10th Cir. 2004) (internal quotation marks omitted). If such possession is established, the burden shifts to the defendant to show that "it is clearly improbable the weapon was connected with the offense." United States v. Heckard, 238 F.3d 1222, 1233 (10th Cir. 2001).

In addition, "Section 1B1.3(a)(1) directs courts applying a specific offense characteristic such as 2D1.1(b)(1) to consider 'all acts and omissions committed or aided and abetted . . . that occurred during the commission of the offense,'" which includes "'conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant,'

regardless whether a conspiracy is charged." United States v. McFarlane, 933 F.2d 898, 899 (10th Cir. 1991) (quoting USSG §1B1.3(a)(1)(A) and (B) & comment. (n.2)). "Together, these provisions permit sentencing courts to attribute to a defendant weapons possessed by his co-defendants if the possession of weapons was known to the defendant or reasonably foreseeable by him." Id. Finally, we have frequently noted that firearms are "tools of the trade" for drug traffickers. See United States v. Martinez, 938 F.2d 1078, 1083 (10th Cir. 1991).

In this case, it is clear that the government met its initial burden and Lizardo-Figueroa failed to show that it was clearly improbable that the weapons found were connected to the drug trafficking. At Lizardo-Figueroa's sentencing hearing, Deputy Jesse Valdez, the lead case agent in the drug conspiracy investigation involving Lizardo-Figueroa, testified that he had received information from a confidential informant that drug purchases were being made at a residence at 2014 North 16th Street. When Valdez went to that location, Lizardo-Figueroa was the only person present, and he granted consent to search. During the search, a shotgun was seized from an upstairs bedroom closet and a loaded .22-caliber handgun was found inside an air conditioning duct on the floor of the television room, next to the kitchen. A large quantity of drugs was found in the kitchen. Valdez characterized the place as a stash house. While no one appeared to live there, Lizardo-Figueroa had a key to the house and admitted he had rented it for a friend. Thus, it would be frivolous for Lizardo-Figueroa to

argue that he showed that it was clearly improbable that the weapons were connected to the drug distribution enterprise, or that their existence was not reasonably foreseeable.

## II. Denial of Variance:

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. See United States v. Smart, 518 F.3d 800, 806 (10th Cir. 2008) (relying on Gall v. United States, 128 S. Ct. 586, 591 (2007)). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence is calculated, as well as a substantive component, which relates to the length of the resulting sentence." Id. at 802. In considering the substantive reasonableness of a sentence, we assess whether the sentence is reasonable in light of the statutory sentencing factors set forth in 18 U.S.C. § 3553(a). A sentence falling within a correctly-calculated advisory Guidelines range is entitled to a presumption of reasonableness, which the defendant may rebut by showing the sentence is unreasonable in light of the § 3553(a) factors. United States v. Kristl, 437 F.3d 1050, 1053-54 (10th Cir. 2006) (per curiam).

Lizardo-Figueroa argued in his motion for a variance and at his sentencing hearing that a sentence of 235 months was overly harsh and that his difficult upbringing, lack of any prior criminal record, and his more modest role in the

conspiracy were all mitigating factors the court should consider.  In imposing the 235-month sentence, and rejecting his requested variance, the district court acknowledged Lizardo-Figueroa's arguments but found them unpersuasive.  The court stated that it was inappropriate to consider Lizardo-Figueroa's personal and family background in mitigation, and that the sentence was sufficient but not greater than necessary to comply with the 3553(a) factors.  The court also specifically considered the possible disparity between Lizardo-Figueroa's sentence and those of his co-defendants, noting that if a variance was granted to Lizardo-Figueroa, it would be "a great injustice" if Lizardo-Figueroa's request was granted while his co-defendants served longer sentences.  There is no nonfrivolous argument that the court erred in any way in imposing sentence on Lizardo-Figueroa.

### III.  Ineffective Assistance of Counsel:

In his *pro se* response, Lizardo-Figueroa argues his counsel was ineffective in a number of ways.  "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.  Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."  United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).  Such is clearly the appropriate disposition here.

**IV. Consideration of Sentencing Disparities:**

Finally, also in his *pro se* response, Lizardo-Figueroa appears to argue that the district court erred by seeking to avoid unwarranted sentencing disparities between Lizardo-Figueroa and his co-defendants when it refused to reduce Lizardo-Figueroa's sentence to 120 months, rather than the 235-month minimum advisory Guidelines sentence. There was no error here. District courts are directed to avoid unwarranted sentencing disparities between similarly situated defendants, including co-defendants. See Gall, 128 S. Ct. at 600; see also Smart, 518 F.3d at 804-05.

## CONCLUSION

For the foregoing reasons, we GRANT Lizardo-Figueroa's counsel's motion to withdraw, and we DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge