

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-1995

# United States v McClenton

Precedential or Non-Precedential:

Docket 94-1632

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"United States v McClenton" (1995). *1995 Decisions.* Paper 94.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/94

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 94–1632

—————

UNITED STATES OF AMERICA

Appellant

vs.

MICHAEL MCCLENTON

—————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 93-cr-00221-2)

—————

Submitted under Third Circuit LAR 34.1(a)
March 30, 1995
Before:  MANSMANN, COWEN and LEWIS, Circuit Judges.

(Filed  April 14, 1995)

—————

Michael R. Stiles, Esquire
Walter S. Batty, Jr., Esquire
Robert A. Zauzmer, Esquire
Maureen Barden, Esquire
Office of the United States Attorney
615 Chestnut Street
Philadelphia, PA  19106

 COUNSEL FOR APPELLANT

Louis T. Savino, Jr., Esquire
Louis T. Savino & Associates
15th and JFK Boulevard
Two Penn Center, Suite 1516
Philadelphia, PA  19106

 COUNSEL FOR APPELLEE

—————

OPINION OF THE COURT

—————

MANSMANN, <u>Circuit</u> <u>Judge</u>.

The government asks us to decide whether a hotel guest room constitutes a "dwelling," and therefore, whether a burglary of a hotel guest room may be considered a crime of violence for purposes of applying the career offender provision of the Sentencing Guidelines. Because the district court ruled that burglary of a hotel room was not the equivalent of burglary of a dwelling, McClenton was not sentenced as a career offender.

We hold that a hotel guest room, the sole purpose of which is to provide temporary lodging and a place to sleep, constitutes a dwelling within the meaning of Section 4B1.2 of the Sentencing Guidelines. Accordingly, we will vacate the district court's judgment of sentence and remand this matter for resentencing in accordance with our interpretation of the applicable Sentencing Guidelines.

I.

On August 5, 1993, Michael McClenton was convicted of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371; bank robbery in violation of 18 U.S.C. § 2113(a); and armed bank robbery in violation of 18 U.S.C. § 2113(d). On June 13, 1994, a sentencing hearing was held. The government asserted that McClenton should be sentenced as a career offender pursuant to Section 4B1.1 of the Guidelines because the presentence investigation revealed that McClenton had previously been convicted of felony burglary on three separate prior occasions.

These three occasions involved the burglary or attempted burglary of hotel guest rooms. (PSI ¶ 34, 35, 37).

At the sentencing hearing, McClenton did not dispute that the factual summaries of these prior crimes, as set forth in the presentence report, were accurate.[1] Rather, McClenton asserted that these were not burglaries of dwellings. Agreeing with McClenton, the district court ruled that the burglary of a hotel room is not the equivalent of the burglary of a dwelling, and therefore, Section 4B1.1's career offender provision did not apply. The court assigned McClenton a criminal history category

---

[1]. The presentence report states the following:

-- On February 12, 1985, the defendant was seen with another person knocking on doors on the fifth floor of the Holiday Inn in King of Prussia, PA. They were then seen by a security officer on the fourth floor, and they fled. When apprehended outside the hotel, they were found to have several "Do Not Disturb" signs in their possession. On July 15, 1985, the defendant pled guilty to a burglary charge, and was sentenced to a prison term (PSI ¶ 34).

-- On September 27, 1986, the defendant entered a guest room at the Adam's Mark Hotel in Philadelphia, and stole $100 from the room. He forcibly pushed the complaining witness aside as he left the room and escaped down the fire escape. On December 2, 1987, the defendant pled guilty to a burglary charge as a result of this conduct and was sentenced to prison (PSI ¶ 35).

-- On March 15, 1987, the defendant and another person stole a credit card from a woman's pocketbook in a guest room of the Dunfey City Line Hotel in Philadelphia. On October 16, 1987, he pled guilty to, among other charges, burglary and was sentenced to a concurrent prison term (PSI ¶ 37).

of V.  The combination of an offense level of 27 and a criminal history category of V produced a Guidelines range of 120 to 150 months.[2]  The court imposed a sentence of 144 months of imprisonment on Counts One through Three, to run concurrently.

_____

[2].       The district court, applying the Sentencing Guidelines (Guidelines manual incorporating amendments effective November 1, 1992), determined that McClenton's base offense level for the offense of bank robbery and armed bank robbery was 20, under Section 2B3.1.  The court determined that a two level enhancement was warranted under Section 2B3.1(B)(1), which directs that two levels be added to the base offense level if property from a financial institution was taken.  In addition, the court awarded a two level enhancement under Section 2B3.1(B)(6)(C) because the amount of loss, which McClenton did not dispute, exceeded $50,000.  The government also sought an enhancement pursuant to Section 2B3.1(B)(4)(B), which provides for a two level increase if any person was physically restrained to facilitate commission of the offense or to facilitate escape.  Because the district court found that the evidence established that the bank employees were not forcibly restrained, it declined to enhance under this provision.
      The government also sought a two level enhancement for obstruction of justice under Section 3C1.1 on the ground that McClenton perjured himself.  The district court refused to enhance by two levels under this section.

      In addition to these enhancements, the government sought and the presentence report recommended a five level enhancement pursuant to section 2B3.1(B)(2)(C) of the Guidelines for brandishing, displaying or possessing a firearm.  McClenton objected to the five level enhancement on the ground that he was acquitted on Count Four of the Indictment (possession of a firearm during and in relation to a crime of violence) and on the ground that the evidence was unclear as to which of the defendants, McClenton or his co-defendant Hawkins, actually possessed or brandished the firearm.  Keeping in mind that the burden of proof at sentencing is a preponderance of the evidence, the district court found that there was insufficient evidence to establish that McClenton or his codefendant brandished, displayed or possessed a firearm.  However, pursuant to Section 2B3.1(B)(2)(E), the district court found there was sufficient evidence to establish that a dangerous weapon was brandished, displayed or possessed by one of the two defendants, thus enhancing McClenton's base offense level by three.  This brought McClenton's offense level to 27.

The district court imposed a term of five years of supervised release, restitution in the amount of $170,750 and a special assessment of $150.00.  If McClenton had been sentenced as a career offender, he would have received a criminal history category of VI, an offense level of 34 and a corresponding Guidelines range of 262 to 327 months.

On May 23, 1994, McClenton filed his notice of appeal from the district court's judgment of conviction.[3]  On June 13, 1994, the government filed this cross-appeal challenging the district court's determination not to sentence McClenton as a career offender.

The district court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction to review McClenton's sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b)(2).  We exercise plenary review over the district court's application and interpretation of the Sentencing Guidelines.  United States v. Collado, 975 F.2d 985, 990 (3d Cir. 1992); United States v. Murillo, 933 F.2d 195, 197 (3d Cir. 1991).

## II.

The starting point for our analysis is Section 4B1.1 of the Sentencing Guidelines.  Section 4B1.1 provides that a defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the

---

[3].        On April 14, 1995, we affirmed McClenton's judgment of conviction by Memorandum Opinion.  See No. 94-1561.

instant offense of conviction is a felony that is either a crime

of violence or a controlled substance offense, and (3) the

defendant has at least two prior felony convictions of either a

crime of violence or a controlled substance offense.  Here it is

undisputed that McClenton was at least eighteen years of age at

the time of the bank robbery.  Likewise, it is undisputed that

the present offense, armed bank robbery, is a crime of violence.

The sole issue in dispute is whether McClenton's three prior

convictions for burglary qualify as "crimes of violence" within

the meaning of Section 4B1.1.

Section 4B1.2(1) defines the term "crime of violence"

and provides:

> The term crime of violence means any offense
> under federal or state law punishable by
> imprisonment for a term exceeding one year
> that,
>
> > (i) has as an element the use,
> > attempted use, or threatened use of
> > physical force against the person
> > of another, or
> >
> > (ii) is <u>burglary</u> <u>of</u> <u>a</u> <u>dwelling</u>,
> > . . ., or otherwise involves
> > conduct that presents a serious
> > potential risk of physical injury
> > to another.

Guidelines § 4B1.2(1)[4] (emphasis added).  The district court,

interpreting this provision, concluded that under the facts of

---

[4].        The application notes to this section restate this
definition and clarify it as follows:

    §4B1.2.  <u>Definitions of Terms Used in Section 4B.1</u>

                    *    *    *

this case, the burglaries of the hotel rooms were not the equivalent of burglaries of dwellings and, thus, were not crimes of violence.[5]

### III.

A "dwelling" is a "building or portion thereof, a tent, a mobile home, a vehicle or other enclosed space <u>which is used or intended for use as a human habitation, home or residence</u>."

(..continued)

> 2.  "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and <u>burglary</u> <u>of</u> <u>a</u> <u>dwelling</u>.  Other offenses are included where (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (<u>i.e.,</u> expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.  Under this section, the conduct of which the defendant was convicted is the focus of inquiry.

*   *   *

Application Note 2 to Guidelines § 4B1.2 (emphasis added).

[5]. The district court opined, "[I]n reaching this conclusion I can tell you that I'm motivated in part, at least, by the rather severe penalty for my finding that they are crimes of violence."  (App. 2419).  While understandable, this circumstance, <u>i.e.</u>, a harsh sentence, cannot serve as a basis for a court to refuse to apply the Guidelines as written.  <u>United States v. McAllister</u>, 927 F.2d 136, 139 n.5 (3d Cir.), <u>cert. denied</u>, 112 S. Ct. 111 (1991).

Blacks Law Dictionary 505 (6th ed. 1990) (emphasis added).[6]
Adopting this definition, the Court of Appeals for the Eighth
Circuit held that the structures used as shelters for weekend
fishing retreats fell within Section 4B1.2(1) and could be
considered dwellings.  United States v. Graham, 982 F.2d 315 (8th
Cir. 1992) (citing Blacks Law Dictionary).  A hotel guest room is
intended for use as human habitation, albeit, in most
circumstances, on a transient or temporary basis.  Thus, a hotel
guest room falls easily within this definition.

In United States v. Sherman, 928 F.2d 324 (9th Cir.
1991), the Court of Appeals for the Ninth Circuit was asked to
decide whether the burglary of the manager's office of a hotel
was the equivalent of burglary of a dwelling.  In a footnote, the
court found that it was unnecessary to the resolution of that
case to decide whether a burglary that takes place in a hotel
office constituted a non-dwelling burglary.  However, the court
observed, "[B]ecause hotels are in the business of housing
overnight guests many of the reasons that make traditional
dwelling burglaries dangerous seem likewise present here."  928
F.2d at 326 n.2.

"The reasons that make traditional dwelling burglaries
dangerous," and worthy of serious treatment at sentencing, have
their origins in the common law.  At common law, burglary was

_____

[6].       A dwelling has also been defined as ". . . the
apartment, room in a hotel, building or cluster of buildings in
which a man with his family resides, or any permanent building in
which a man may dwell and lie."  13 Am. Jur., Burglary Section 3
(1964).

considered to be an offense against habitation rather than against property. The peace of mind and security of the residents was sought to be protected, rather than the property. See 85 A.L.R. 428 (1933). Obviously, whether one burglarizes a private home or a hotel room, there is a much greater possibility of confronting the resident and a substantial risk that force will be used and that someone will be injured, than if one burglarized a building that was not intended for use as habitation, such as an office building after office hours or a warehouse. We find that it is this element -- the potential for confrontation and the substantial risk of harm -- that the Guidelines intended for enhanced punishment under Section 4B1.2. See, e.g., United States v. Salmon, 944 F.2d 1106, 1129 (3d Cir. 1990), cert. denied, 112 S. Ct. 1213 (1992) (burglary of a dwelling is crime of violence because there is substantial risk that force will be used or that person will be injured). See also United States v. Palmer, 871 F.2d 1202, 1209 (3d Cir. 1989) (in context of Armed Career Criminal Act, 18 U.S.C. § 924(e), burglary "presents a serious potential risk of physical injury to another."). Accord United States v. Gonzalez-Lopez, 911 F.2d 542, 548-49 (11th Cir. 1990), cert. denied, 111 S. Ct. 2056 (1991); United States v. Brunson, 907 F.2d 117, 120-21 (10th Cir. 1990).

IV.

McClenton argues that even if we conclude that the burglary of a hotel room qualifies as the burglary of a dwelling as a legal matter, the facts support a different conclusion in

this case because two of the hotel rooms McClenton burglarized or attempted to burglarize were unoccupied.[7] McClenton thus asserts that because no one was inhabiting these rooms, there was no one whose peace of mind and security was infringed. McClenton contends that a crime against property, not habitation, occurred and as such cannot be classified as a crime of violence.

We note that the Guidelines do not support the interpretation that McClenton suggests, and we must interpret the Guidelines as written. United States v. Wong, 3 F.3d 667 (3d Cir. 1993). In enumerating "burglary of a dwelling" as a crime of violence in Section 4B1.2(1)(ii), the Guidelines do not distinguish between dwellings that are occupied, rather than unoccupied. Thus, we conclude that burglary of a dwelling is a crime of violence under the Guidelines whether or not there is anyone present in the dwelling at the time it is burglarized.

In assessing career offender status, the only issue we must decide is whether the prior convictions for burglary involved a dwelling. Because burglary of a dwelling is specifically enumerated in the Guidelines as a crime of violence, no further inquiry is warranted. The Sentencing Commission has adopted a categorical approach to the determination of whether an

---

[7]. The government disputes this factual contention. The government maintains that at least two of the burglaries involved occupied rooms. The government directs us to the presentence report which states that in one case, McClenton "forcibly pushed the complainant aside," PSI ¶ 35, while in another, he removed a credit card from a women's pocketbook in a guest room, PSI ¶ 37. Because we decide that it is irrelevant whether or not any of the hotel rooms were actually occupied, we need not resolve this factual dispute.

underlying offense is a "crime of violence" within section 4B1.2, deciding that any invasion of a place where people may reside presents an unacceptable risk of harm and must be classified as a crime of violence.[8]  Thus we held in United States v. McAllister, 927 F.2d 136 (3d Cir. 1991), cert. denied, 112 S. Ct. 111 (1991), that where the predicate offense is expressly listed as a crime of violence, a more detailed inquiry into the underlying facts is inappropriate.  In United States v. John, 936 F.2d 764, 770 (3d Cir. 1991) we held that it may well be that a more detailed inquiry into the facts of a case will be required if the offense is not specifically listed as a "crime of violence."[9]  See also

---

[8].        See Taylor v. United States, 495 U.S. 575, 597 (1990) (adopting categorical approach to prior convictions used to justify enhancement under "violent felony" sentencing enhancement provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (West Supp. 1991)) and United States v. Aaron Thomas, No. 94-1452, slip op. at 3-4 (3d Cir. Dec. 19, 1994) (holding "we see no principled way to distinguish a challenge to a prior conviction used to justify an enhancement under the Guidelines from a prior conviction used to justify an enhancement under the Armed Career Criminal Act").

[9].        In United States v. John, we observed that the Sentencing Commission envisioned three independent ways by which a prior conviction will be considered a "crime of violence":  (1) the prior conviction is among those specifically enumerated (murder, manslaughter, kidnapping, etc.); (2) the prior conviction is for a crime that, although not specifically enumerated has as an element of the offense the use, attempted use, or threatened use of physical force; or (3) the prior conviction is for a crime that, although neither specifically enumerated nor involving physical force as an element of the offense, involves conduct posing a serious potential risk of physical injury for another.

        We held that "it is not only impermissible, but pointless to look through to the defendant's actual criminal conduct under the first two prongs."  936 F.2d at 767.  "However, in our view, the third prong quite clearly permits the court to

United States v. Williams, 892 F.2d 296, 303-304 (3d Cir. 1989), cert. denied, 110 S. Ct. 3221 (1990). That situation is not implicated here: McClenton's burglaries were burglaries of dwellings which the Guidelines have classified as per se crimes of violence. Thus said, our inquiry is ended.

V.

For the foregoing reasons, we will vacate the district court's judgment of sentence and remand this matter for resentencing pursuant to the career offender provisions of Guidelines Section 4B1.2.

───────────────────────────

(..continued)
examine the defendant's actual conduct to ascertain whether the conduct posed a sufficient potential risk of physical injury to another to elevate the crime to a crime of violence." Id. at 767-68.