United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-3565

United States of America,        \*

                                 \*

        Plaintiff - Appellee,    \*

                                 \* Appeal from the United States

     v.                       \* District Court for the Eastern

                                 \* District of Missouri.

Darren Terrel Davis,           \*

                                 \*   [UNPUBLISHED]

        Defendant - Appellant.   \*

_____

Submitted: January 27, 1998
Filed: February 10, 1998
_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Darren Terrel Davis challenges the district court's[1] imposition of a 160-month sentence after he pleaded guilty to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  We affirm.

For reversal, Davis first argues that the district court erred in not granting his motion for a downward departure.  As we conclude the district court's statements at

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

sentencing evince a recognition of its authority to depart, we will not review the court's refusal to depart. See United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993).

Davis next argues that the district court violated due process when it enhanced his sentence pursuant to the career-offender provision, see U.S. Sentencing Guidelines Manual § 4B1.1 (1997), based on three Missouri convictions for second-degree burglary. Specifically, he argues that, because Missouri law defines second-degree burglary as one in which the dwelling is not occupied by an inhabitant when the crime is committed, second-degree burglary in Missouri is not a violent crime.

We reject this argument for the reason that the Sentencing Guidelines' definition of crime of violence makes "burglary of a dwelling" a crime of violence without regard to whether or not the dwelling is occupied at the time of the burglary, unlike the distinction drawn in Missouri law. U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (1997); United States v. McClenton, 53 F.3d 584, 588 (3rd Cir.), cert. denied, 116 S. Ct. 330 (1995). All three of Davis's Missouri second degree burglary convictions were for burglaries of an inhabitable structure, and his counsel conceded before the district court that "[i]n fact, this is a crime that involves a burglary of a dwelling when no one is inside the dwelling." Trans. Sent. p. 11, ll. 2-4.

We also reject this argument for the reasons stated in United States v. Reynolds, 116 F.3d 328, 329 (8th Cir. 1997) (holding that second-degree burglary in violation of Missouri law qualifies defendant as career offender under Guidelines; adding that, even if no one was present within building when defendant committed crime, serious potential risk of physical injury to another was present and thus crime was violent). See also U.S. Sentencing Guidelines Manual § 4B1.2(a) (1997) (defining crime of violence as, among other things, "conduct that presents a serious potential risk of physical injury to another").

-2-

Accordingly, the district court's judgment is affirmed. Davis's objection to the denial of his request for oral argument is overruled.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.