[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 26, 2001
THOMAS K. KAHN
CLERK

----------------------------------------
No. 00-13325
Non-Argument Calendar
----------------------------------------
D. C. Docket No. 00-00032-CR-WTM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN LAMAR RAY,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Georgia
----------------------------------------------------------------

**(March 26, 2001)**

Before EDMONDSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Melvin Ray appeals his 37-month sentence imposed upon his plea of guilty to possession of a firearm by a convicted felon.

Ray pled guilty to possession of a firearm by a convicted felon pursuant to a plea agreement. The PSI recommended that Ray be given a base offense level of 20 because Ray was previously convicted of a violent crime (burglary), and under U.S.S.G. § 2K2.1(a)(4)(A) a defendant receives a base level of 20 if "the defendant had one prior felony conviction of either a crime of violence or a controlled substance offense." The PSI explained that in 1992, Ray was convicted of burglary when he "entered Room 156 at the Ramada Inn . . . . According to the defendant, he was dared by a friend to enter a room where the door had been left open."

That Ray burglarized a hotel room is undisputed. Ray, however, objected to the PSI's determination that his burglary of a hotel room constituted the burglary of a "dwelling." The sentencing court adopted the PSI findings and sentenced Ray to 37 months in prison.

We follow the Third Circuit's decision in United States v. McClenton, 53 F.3d 584 (3rd Cir. 1995): a hotel guest room -- occupied or not -- constitutes a "dwelling" under the pertinent Guidelines.

AFFIRMED.