

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2006

# USA v. Bonilla Velasquez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3002

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Bonilla Velasquez" (2006). *2006 Decisions.* Paper 980.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/980

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-3002

_____

UNITED STATES OF AMERICA

v.

JUAN CARLOS BONILLA VELASQUEZ,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 03-cr-00068-01
(Honorable Christopher C. Conner)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2006

Before: SCIRICA, *Chief Judge*, NYGAARD, *Circuit Judge*,
and YOHN, *District Judge**

(Filed June 1, 2006)

_____

OPINION OF THE COURT

_____

_____

* The Honorable William H. Yohn Jr., United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

YOHN, *District Judge*.

Appellant Juan Carlos Bonilla Velasquez appeals his sentence entered by the United States District Court for the Middle District of Pennsylvania. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and will affirm.

Velasquez is a native and citizen of Honduras. On May 20, 1997, he pleaded guilty in the District Court of Nassau County in New York to one count of second-degree attempted burglary in violation of N.Y. Penal Law §§ 140.25 and 110.00. He was sentenced to one year in prison, and upon release from confinement was deported to Honduras.

On June 6, 2002, Velasquez reentered the United States, was arrested by the INS, and was placed into removal proceedings. He failed to appear at his initial hearing, and a warrant of removal was issued. In November 2002, deportation officers located Velasquez in Dauphin County Prison in Harrisburg, Pennsylvania. On March 19, 2003, a one-count indictment was issued against Velasquez, charging him with unlawful reentry by an alien previously deported after a conviction for an aggravated felony in violation of 8 U.S.C. § 1326. On February 22, 2005, Velasquez pleaded guilty to the charge.

During sentencing for the unlawful reentry offense, the District Court ruled, over Velasquez's objection, that Velasquez's previous conviction for attempted burglary

2

constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(G),[1] which increased his

statutory-maximum sentence from two years under § 1326(a) to twenty years under §

1326(b)(2).  Additionally, in calculating a sentence under the advisory United States

Sentencing Guidelines, the District Court concluded, again over Velasquez's objection,

that Velasquez's attempted burglary offense was a crime of violence under USSG §

2L1.2, which triggered a sixteen-level increase to his base offense level.  The Guidelines

yielded a sentencing range of seventy-seven to ninety-six months, and the District Court

sentenced Velasquez to eighty-five months' imprisonment.

Velasquez now appeals his sentence, arguing: (1) that the District Court erred in

applying the aggravated-felony enhancement under § 1326(b)(2); (2) that the District

Court erred in applying the crime-of-violence enhancement under section 2L1.2; and (3)

that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005).

Velasquez first challenges the District Court's application of 8 U.S.C. §

1326(b)(2)'s increased statutory maximum, arguing that his attempted burglary conviction

is not an aggravated felony under 8 U.S.C. § 1101(a)(43).  We exercise plenary review

over this legal question.  *See United States v. Randolph*, 364 F.3d 118, 121 (3d Cir.

2004).

Section 1326(b)(2) prescribes a twenty-year maximum sentence for aliens "whose

---

[1] Under § 1101(a)(43)(U) an attempt to commit an offense described in paragraph 43 is also an aggravated felony.

removal was subsequent to a conviction for commission of an aggravated felony." An alien has been convicted of an aggravated felony when he or she has been convicted of any one of numerous crimes listed in 8 U.S.C. § 1101(a)(43), including, *inter alia*, a "burglary offense for which the term of imprisonment [imposed is] at least one year," § 1101(a)(43)(G), and attempt thereof, § 1101(a)(43)(U). Thus, if Velasquez's state conviction was for such a burglary offense, this enhancement applies.

We employ the formal categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), to evaluate whether Velasquez's state conviction constitutes a burglary offense under § 1101(a)(43)(G). Under this approach, we look only to the statutory definition of the predicate offense, and may not consider the particular facts underlying the conviction. *Taylor*, 495 U.S. at 600. Velasquez was convicted of second-degree attempted burglary under N.Y. Penal Law §§ 140.25, 110.00[2]. Under section 140.25, "A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . [t]he building is a dwelling." While we have not defined a burglary offense for purposes of §

---

[2] N.Y. Penal Law § 110.00, a conventional attempt statute, states "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." An attempt to commit an aggravated felony is itself an aggravated felony, § 1101(a)(43)(U), and, as noted *infra*, an attempt to commit a crime of violence under the Guidelines is itself a crime of violence, USSG § 2L1.2, comment. (n.5). Thus, for the duration of this opinion we will proceed as if Velasquez had been convicted of the substantive offense second-degree burglary, even though he actually pleaded guilty to attempted second-degree burglary. *See Tran v. Gonzales*, 414 F.3d 464, 468 n.3 (3d Cir. 2005).

1101(a)(43)(G), our interpretation of that term is informed by its plain meaning and the Supreme Court's generic definition of burglary (developed for purposes of 18 U.S.C. § 924(e)), which requires the offense to include "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime," *Taylor*, 495 U.S. at 598. Based on these considerations, we conclude that § 1101(a)(43)(G)'s burglary offense encompasses a conviction under section 140.25. Further, Velasquez received a one-year sentence; thus, "the term of imprisonment [imposed was] at least one year." *See Drakes v. Zimski*, 240 F.3d 246, 251 (3d Cir. 2001). Accordingly, the District Court's application of this enhancement was correct and Velasquez's arguments to the contrary are without merit.[3]

Velasquez also challenges the District Court's application of the sixteen-level increase to his base offense level on the ground that his conviction is not a crime of violence under USSG § 2L1.2. We review the District Court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Pojilenko*, 416 F.3d 243, 246 (3d Cir. 2005).

Section 2L1.2(b)(1)(A) provides for a sixteen-level increase if the unlawful reentry charge followed "a conviction for a felony that is . . . a crime of violence." The Guidelines define crime of violence to include burglary of a dwelling, USSG § 2L1.2,

---

[3] Velasquez's arguments focus on § 1101(a)(43)(F) while the enhancement was based on subsections (G) and (U).

comment. (n.1(B)(iii)), and attempt thereof, USSG § 2L1.2, comment. (n.5). Velasquez presents several arguments tending to show that his burglary conviction did not involve the use of force; however, we have explained that the offenses specifically enumerated in the definition -- such as burglary of a dwelling -- are always crimes of violence, even absent a showing that force was involved. *See United States v. Remoi*, 404 F.3d 789, 796 (3d Cir. 2005). Thus, if Velasquez's previous conviction constitutes a burglary of a dwelling under the Guidelines, the enhancement applies.

The formal categorical approach, as described above, also controls this inquiry. In addition to the general burglary elements, New York's second-degree burglary statute requires that the offense take place in a dwelling. *See* N.Y. Penal Law § 140.25. While we also have yet to define burglary of a dwelling under this section, we give the term its plain meaning and conclude that a conviction under section 140.25 necessarily establishes burglary of a dwelling. Accordingly, the District Court correctly applied the enhancement.[4]

---

[4] To the extent that Velasquez argues that the word "dwelling" in the New York statute is broader than the word "dwelling" in the Guidelines because New York courts have interpreted a dwelling to include a garage that is attached to the house, we find the argument meritless. We previously have utilized *Black's Law Dictionary*'s definition of "dwelling," *see United States v. McClenton*, 53 F.3d 584, 587 (3d Cir. 1995) (defining dwelling as a "'building or portion thereof, a tent, a mobile home, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence'" (quoting *Black's Law Dictionary* 505 (6th ed. 1990))) (emphasis omitted), and now note that *Black's* also states that "dwelling" generally includes "the structures connected either directly with the house or by an enclosed passageway." *Black's Law Dictionary* 546 (8th ed. 2004). This definition embraces an attached garage and comports

Velasquez's final argument is that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005), because the District Court focused excessively on the Guidelines range to the detriment of the other 18 U.S.C. § 3553(a) factors.

We require the District Court to give "meaningful consideration" to the factors enumerated in § 3553(a).[5] *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). The District Court must also consider "any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." *Id.* at 332. In ruling, the Court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.* at 329.

Our review of the record shows that the district court appropriately considered the § 3553(a) factors and Velasquez's arguments. Specifically, the court found that:

with a reasonable understanding of the scope of a dwelling, and thus is no broader than the dwelling component of the Guidelines.

[5] The § 3553(a) factors a court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .

The sentence imposed satisfies the purposes set forth in Title 18 of the United States Code, Section 3553(a), including the necessity of deterrence and just punishment, promotion of respect for the law, protection of the public, avoidance of unwanted disparities, and assurance of correctional treatment for the defendant, and reflects full consideration of all factors relevant to the sentencing determination, including the nature and seriousness of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the advisory range and policies prescribed by the sentencing commission.

Further, the District Court considered and discussed both Velasquez's objections to the two sentencing enhancements and his § 3553(a) argument that his criminal history overrepresented the seriousness of his conduct. Finally, there is no evidence that the District Court failed to address any "ground of recognized legal merit" raised by Velasquez. Thus, we are satisfied that Velasquez's sentence in this case is reasonable.

The District Court correctly applied the law and imposed a reasonable sentence. Accordingly, we will affirm the judgment of sentence.