[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13674
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00223-SCJ-JSA-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEMARIO HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 24, 2014)

Before CARNES, Chief Judge, TJOFLAT and JORDAN, Circuit Judges.

PER CURIAM:

Jemario Harris was sentenced to 41 months imprisonment after pleading guilty to one count of dealing firearms without a license, in violation of 18 U.S.C. § 922(a), and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  The sole issue raised in this appeal is whether the district court erred in calculating Harris' guidelines sentence when it concluded that his 2011 burglary conviction qualified as a prior felony conviction for a crime of violence.

I.

In determining Harris' guidelines sentence, the district court applied United States Sentencing Guideline § 2K2.1(a)(4)(A), which assigns defendants a base offense level of 20 if they are convicted under 18 U.S.C § 922(a)–(g) and have a prior felony conviction for a crime of violence.  The guidelines define "crime of violence" under § 2K2.1(a)(4) as any offense punishable by a prison term of more than one year that either (1) has as an element the use, attempted use, or threatened use of physical force against another person, or (2) presents a serious potential risk of physical injury to another, such as "burglary of a dwelling, arson, or extortion." U.S.S.G. § 4B1.2(a) (Nov. 2012) (emphasis added).  Over Harris' objection, the district court concluded that he had a prior felony conviction for a crime of violence based on his 2011 conviction for burglary in Georgia, and it therefore assigned him a base offense level of 20 according to § 2K2.1(a)(4)(A).

2

II.

Recognizing that § 4B1.2(a) lists "burglary of a dwelling" as the type of burglary that qualifies as a crime of violence, Harris argues that his 2011 conviction was not for a crime of violence because he was not convicted of burglarizing a dwelling. He contends that he was instead convicted of burglarizing a "structure designed for use as the dwelling of another," and his conviction cannot qualify as a crime of violence under the guidelines because the category "structure designed for use as the dwelling of another" includes buildings that are not actual dwellings. His argument is one which we review de novo. United States v. Chitwood, 676 F.3d 971, 975 (11th Cir. 2012).

In 2011 the Georgia burglary statute provided:

A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

3

Ga. Code Ann. § 16-7-1(a) (current version at Ga. Code Ann. § 16-7-1(b)).  Harris and the government agree that § 16-7-1(a) is a divisible statute,[1] and they also agree that the Shepard[2] documents related to the 2011 conviction show that Harris was convicted under the portion of § 16-7-1(a) that makes it a crime to unlawfully enter a "structure designed for use as the dwelling of another" with the intent to commit a crime inside.  Therefore the only issue for us to decide is whether burglary of a "structure designed for use as the dwelling of another" categorically qualifies as "burglary of a dwelling" within the meaning of U.S.S.G. § 4B1.2(a).  See United States v. Archer, 531 F.3d 1347, 1350 (11th Cir. 2008) (noting that "we consider the offense [categorically] as defined by the law, rather than considering the facts of the specific violation," when determining whether a prior conviction qualifies as a crime of violence).

Four of our sister circuits have already defined "dwelling" within the meaning of U.S.S.G. § 4B1.2(a).  Relying on Black's Law Dictionary, all four

---

[1] See Descamps v. United States, — U.S. —, 133 S.Ct. 2276, 2283 (2013) (noting that a statute is divisible when it lists potential offense elements in the alternative and "renders opaque which element played a part in the defendant's conviction").

[2] Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 1257 (2005) (holding that a sentencing court may examine only certain documents in determining whether a prior conviction was for generic burglary within the meaning of the Armed Career Criminal Act); see also United States v. Palomino Garcia, 606 F.3d 1317, 1328 (11th Cir. 2010) (noting that Shepard may apply when determining whether a prior offense qualifies a defendant for an enhancement under the sentencing guidelines).

4

have agreed that a "dwelling" under § 4B1.2(a) is an "enclosed space which is used or intended for use as a human habitation." United States v. McClenton, 53 F.3d 584, 587 (3d Cir. 1995) (emphasis omitted) (quoting Black's Law Dictionary 505 (6th ed. 1990)); accord United States v. Ramirez, 708 F.3d 295, 303 (1st Cir. 2013); United States v. Rivera-Oros, 590 F.3d 1123, 1132 (10th Cir. 2009); United States v. Graham, 982 F.2d 315, 316 (8th Cir. 1992). We follow those other circuits and apply the same definition of a dwelling for purposes of § 4B1.2(a).

In resolving the question presented here, we find it instructive that the definition mentions both "use" and "intended use." By including both of those terms, the definition of a "dwelling" includes not only structures that are presently "used" for human habitation, but also structures that are simply "intended for use as a human habitation." See McClenton, 53 F.3d at 587. We see no meaningful distinction between a structure that is "intended" for use as a human habitation and one that is, in the words of Georgia's burglary statute, "designed" for use as a human habitation. See Random House Webster's Unabridged Dictionary 539 (2d ed. 2001) (defining "design" in part as "to intend for a definite purpose"); Webster's New World Dictionary 373 (3d college ed. 1991) (defining "design" in part as "to plan to do; purpose; intend").

5

Harris' 2011 burglary conviction was for "burglary of a dwelling" within the meaning of § 4B1.2(a), and the district court did not err in concluding that he had a prior conviction for a crime of violence.

**AFFIRMED.**