[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12825
Non-Argument Calendar

_____

D. C. Docket No. 01-00032-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN L. DUNKLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 22, 2009)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Steven Dunklin appeals his 24-month sentence imposed on revocation of his supervised release, after he violated the conditions of his supervised release by, *inter alia*, being convicted for burglary of an unoccupied dwelling in violation of Fla. Stat. § 810.02(3)(b). The district court found that this conviction constituted a Grade A violation of supervised release and, with Dunklin's criminal history category of III, this resulted in an advisory Guidelines range of 18 to 24 months' imprisonment.

On appeal, Dunklin argues the district court erred as a matter of law by sentencing him for a Grade A violation because the categorical definition of the offense under Fla. Stat. § 810.02(3)(b) does not correspond with a crime of violence under U.S.S.G. § 4B1.2 for burglary of a dwelling. He contends his conviction for burglary of an unoccupied dwelling did not have an element of physical force required by the Guidelines. He asserts that burglaries of occupied dwellings involve more risk of violence than do burglaries of unoccupied dwellings but concedes that the Florida statute he violated does not distinguish between the two offenses in terms of the permissible maximum penalty or degree of felony. Dunklin argues the district court also erred by not viewing the Florida statute categorically—instead, the court considered the facts of the crime by pointing out that the homeowner came home during the burglary.

The advisory Guidelines range for a sentence to be imposed on the revocation of supervised release is determined by the grade classification of the violation for which supervised release was revoked, as determined by U.S.S.G. § 7B1.1(a)(1)-(3), and the criminal history category that was "applicable at the time the defendant originally was sentenced to a term of supervision." U.S.S.G. § 7B1.4(a). Of the three grades of supervised release violations provided under § 7B1.1(a), a Grade A violation is conduct that constitutes "a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a crime of violence[.]" To determine whether a crime is a "crime of violence," we generally use a categorical approach and consider the offense as defined by the statute of conviction, rather than considering the facts of the specific violation. *See Taylor v. United States*, 110 S. Ct. 2143, 2160 (1990). Under § 4B1.2, a "crime of violence" is a federal or state offense punishable by imprisonment for a term exceeding one year that is either "burglary of a dwelling . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another."

While we have never have explicitly concluded that burglary of an unoccupied dwelling is a crime of violence, neither have we distinguished between occupied and unoccupied dwellings in concluding that burglary of a dwelling is a

crime of violence. *See United States v. Gonzalez-Lopez*, 911 F.2d 542, 549 (11th

Cir. 1990) (reasoning "any burglary of a dwelling, by its nature, creates a

substantial risk of physical" harm because "whenever an intruder enters a dwelling,

a person may be present inside" and that encounter "may result in the use of

physical force") (internal quotation marks omitted). In fact, we have indicated that

a dwelling need not be occupied for a burglary of it to constitute a crime of

violence under the Guidelines. *See United States v. Ray*, 245 F.3d 1256, 1257

(11th Cir. 2001) (noting a hotel guest room, occupied or not, constitutes a

"dwelling" under the Guidelines). Specifically, in *Ray*, we relied on *United States*

*v. McClenton*, 53 F.3d 584, 588 (3rd. Cir. 1995), which explained:

> In enumerating 'burglary of a dwelling' as a crime of violence in
> Section 4B1.2(1)(ii) [§ 4B1.2(a)(2)'s predecessor guideline], the
> Guidelines do not distinguish between dwellings that are occupied,
> rather than unoccupied. Thus, we conclude that burglary of a
> dwelling is a crime of violence under the Guidelines whether or not
> there is anyone present in the dwelling at the time it is burglarized.

Further, the 2006 version of Fla. Stat. § 810.02 includes both burglary of an

occupied and unoccupied dwelling as second degree felonies.[1]

---

[1] In relevant part, Fla. Stat. § 810.02 provides:

(3)     Burglary is a felony of the second degree . . . if . . . the offender enters or
        remains in a:
(a)     Dwelling, and there is another person in the dwelling at the time the
        offender enters or remains; [or]
(b)     Dwelling, and there is not another person in the dwelling at the time the
        offender enters or remains . . . .

Our review of the Guidelines and the applicable Florida statute indicates the distinction between occupied and unoccupied dwellings is irrelevant, so it was proper for the district court to determine that Dunklin's burglary of an unoccupied dwelling constituted a crime of violence under § 4B1.2. Additionally, Dunklin's argument that the district court failed to take a categorical approach to his conviction is unpersuasive. The court had already overruled Dunklin's objection to his conviction being a Grade A violation before discussing the particulars of his burglary conviction during Dunklin's request for a reasonable sentence. Accordingly, we affirm Dunklin's 24-month sentence.

**AFFIRMED.**